HENRY BARTZ, PLAINTIFF-RESPONDENT, v. THERESA A. MAC FARLAND, DEFENDANT-APPELLANT.

Submitted May 7, 1940—Decided July 3, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-respondent, *Harry Belopolsky* (*Howard Eastwood,* of counsel).

For the defendant-appellant, *Robert Peacock* and *Alexander Denbo*.

The opinion of the court was delivered by

PORTER, J. This action is by a building contractor, the respondent, to recover the unpaid balance on a contract to build an addition to a building of the owner, the appellant.

There was a written contract between the parties and admittedly the full contract price was not paid. The appellant filed a counter-claim alleging that the work contracted for was not done in a good workmanlike manner; that materials used were inferior in quality to those specified and that a different kind of roof was built than that specified.

The trial court found for the respondent for the unpaid balance of the contract price and against the appellant on the counter-claim. This appeal is from the judgment entered accordingly.

The respondent's proofs were that the contract was modified verbally by the parties during the progress of the work by the change in the kind of roof from a gable to a flat one for reasons fully explained and that the contract was properly performed as to materials and workmanship. These issues were sharply drawn and the testimony in conflict. The findings of fact will not be disturbed on appeal where as here there was evidence to support the same. *Parnes* v. *Massachusetts Bonding and Insurance Co.,* 120 *N. J. L.* 517; *Stripp* v. *United Casualty Co.,* 124 *Id.* 348.

The appellant argues that the trial court erred in permitting testimony concerning the change in the roof construction on the theory that it was parol evidence tending to vary the terms of a written contract. We find no merit in this contention. There was no attempt to vary the terms of the written contract but testimony both *pro* and *con* that a new contract was later on entered into which modified the written one. The contracting parties could of course modify the contract and the testimony was competent as to whether they did so or not. *Cf. Headley* v. *Cavileer,* 82 *N. J. L.* 635; *Denoth* v. *Carter,* 85 *Id.* 95, and *Troth* v. *Millville Bottle Works,* 89 *Id.* 219.

The judgment is affirmed, with costs.